MADELINE B. COOMBS, et als.,

Appellants from Decree or Judge of Probate.

Androscoggin.   Opinion December 12, 1914.

*Appeal.   Burden.   Decree.   Devisees.   Fraua.   Will.*

The will of Marcia G. Coombs, late of Lisbon, in the County of Androscoggin, was admitted to probate by decree of the Judge of Probate of said County. From this decree, the contestants appealed to the Supreme Court of Probate for said County. The contestants claimed that the instrument produced was not the last will of the deceased, by reason of the fraud of one of the devisees. The issue involving this question of fraud was framed and submitted to the jury and their verdict 'was in favor of the appellants and contestants. The proponents and appellees carried the case to the Law Court upon a motion and exceptions for a new trial.

*Held:*   That the evidence adduced by the contestants is insufficient to sustain the charge of fraud. The burden of proof is not only upon them, but they must sustain this burden by clear and convincing evidence.

On exceptions and motion for new trial. Motion sustained. Exceptions not considered. The case is remanded to the Supreme Court of Probate for the County of Androscoggin for further action in accordance with this opinion.

This is an appeal from the decree of the Judge of Probate for Androscoggin County, allowing will of Marcia G. Coombs. From this decree, an appeal was taken to the Supreme Court of Probate. The contestants claimed that on account of fraud, the instrument

purporting to be the will of Marcia G. Coombs was not the last will and testament of Marcia G. Coombs. The jury returned a verdict in favor of appellants, and contestants, and the proponents and appellees filed a motion for a new trial and had exceptions to the exclusion of certain evidence.

The case is stated in the opinion.

*Ralph W. Crockett*, for plaintiff.

*Oakes, Pulsifer & Ludden*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. The will of Marcia G. Coombs was allowed by decree of the Judge of the Probate Court of Androscoggin County and from this decree appeal was taken to the Supreme Court of Probate where, as in the Probate Court, contestants claimed that the instrument produced was not the last will of deceased by reason of the fraud of one of the devisees. In the Supreme Court of Probate an issue involving this question was framed and submitted to the jury. The verdict was in favor of the appellants and contestants. The case is before us upon the exceptions and motion for new trial of the proponents and appellees.

There was evidence before the jury offered by contestants as showing gross fraud upon the part of one of the two daughters—both devisees—of the testatrix, whereby an absolute devise to her son was changed by testatrix to a devise for life with remainder over to the daughters. This evidence consisted substantially of the testimony of one witness attempting to give a conversation between the son and the daughter which contestants claim was falsely communicated by her to testatrix. It is not pretended that the whole conversation is detailed but only detached portions many of which are as consistent with the contention of one party as with that of the other. The daughter's testimony is a substantial denial of the conversation. The will as executed was in accord with testatrix's prior declarations. A more detailed statement of the evidence will not be profitable. Considering all the testimony we can but conclude that the evidence adduced by the contestants is insufficient to sustain the charge of fraud. Not only is the burden of proof upon them, but they must sustain this burden by clear and convincing evidence.

*Liberty* v. *Haines*, 103 Maine, 182, 190; *Strout* v. *Lewis*, 104 Maine, 65, 67. The verdict, therefore, must be set aside, or disregarded, as dissonant to the conscience of the Court. *Bradstreet* v. *Bradstreet*, 64 Maine, 204, 209; *Larrabee* v. *Grant*, 70 Maine, 79; *Rolfe* v. *Fire Ins. Co.*, 105 Maine, 58, 60; *Farnsworth* v. *Whiting*, 106 Maine, 430, 435.

Nor is this Court of the opinion that a further trial by jury is desirable or required to aid the conscience of the Court. *Rolfe* v. *Ins. Co.*, supra.

The conclusion reached upon the motion for a new trial renders the consideration of the exceptions unnecessary.

The decree of the Judge of Probate must be affirmed.

> *The case is remanded to the Supreme Court of Probate for the County of Androscoggin for further action in accordance with this opinion.*